UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MABEL DIAZ-AQUINO,<br><br>      Petitioner,<br><br>-against-<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | No. 15-CV-7909 (LAP)<br><br>No. 13-CR-537 (RPP)<br><br><u>MEMORANDUM & ORDER</u> |

LORETTA A. PRESKA, Senior United States District Judge:

  Before the Court are <u>pro se</u> Petitioner Mabel Diaz-Aquino's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 and her related request for counsel. (Dkt. nos. 1, 4).[1] For the reasons set forth below, the motions are <u>DENIED</u>.

  The Court assumes the parties' familiarity with the facts of the case and will only give a high-level overview of pertinent background information.  Ms. Diaz-Aquino pleaded guilty to conspiracy to distribute a Schedule IV controlled substance, in violation of 21 U.S.C. § 846.  (Dkt. no. 18 in 13-CR-537).  On January 15, 2014, the Court entered final judgment sentencing her to two years' probation.  (<u>Id.</u>).  Because she did not appeal, Ms. Diaz-Aquino's conviction became final on January

---

[1] All docket cites in this opinion, unless noted otherwise, shall refer to the docket in 15-CV-7909.

1

29, 2014.[2]

On October 6, 2015, the Court received Ms. Diaz-Aquino's § 2255 motion, which was dated October 2, 2015. (Dkt. no. 1). On October 15, 2015, the Court ordered her to file, within sixty days, an affirmation showing cause why her motion should not be denied as time-barred. (Dkt. no. 3). One week later, the Court received Ms. Diaz-Aquino's request for counsel, (dkt. no. 4), which the Court held in abeyance pending submission of her affirmation regarding the timeliness of her § 2255 petition, (dkt. no. 5). No such affirmation ever came.

A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f). Because Ms. Diaz-Aquino filed her § 2255 motion more than one year after her conviction became final, her motion is DENIED as time-barred. See id. § 2255(f)(1). Her request for counsel is DENIED as moot. Because Ms. Diaz-Aquino has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See id. § 2253(c). The Court certifies that any appeal from this Order would not be taken in good faith. See id.

---

[2] See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (per curiam) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); FED. R. APP. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . the entry of either the judgment or the order being appealed.").

§ 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed (1) to mark this action closed and all pending motions denied as moot and (2) to mail a copy of this order to Ms. Diaz-Aquino.

**SO ORDERED.**

Dated:     October 21, 2020
           New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge